**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4802**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WALTER BRENNAN CONNOR,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (CR-03-4)

---

Submitted: August 31, 2006        Decided: September 5, 2006

---

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

John C. Snyder, III, THURMAN, WILSON AND BOUTWELL, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Walter Brennan Connor pled guilty to conspiracy to possess with intent to distribute five kilograms or more of powder cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000). The district court sentenced Connor to 135 months' imprisonment, five years of supervised release, and ordered payment of a $100 statutory assessment.[1] Following United States v. Hammoud, 381 F.3d 316, 353-54 (4th Cir. 2004), the district court also held that if the Sentencing Guidelines were determined to be unconstitutional, it would impose the identical sentence under an advisory guideline sentence under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Connor's appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Connor's trial attorney was ineffective. Connor was given an opportunity to file a supplemental pro se

---

[1]The probation officer calculated a sentencing guideline range applicable to Connor of 262 to 327 months' imprisonment founded on a total offense level of 37 (base offense level of 38 based on responsibility for more than 1.5 kilograms of cocaine base, to which two levels were added for possession of a dangerous weapon and three were subtracted for acceptance of responsibility), and a criminal history category of III. Connor filed objections to the presentence report, contending that the amount of cocaine base reasonably foreseeable to him was at least 150 grams but less than 500 and that his base offense level should be 34, rather than 38, based on the admitted drug quantity. After careful consideration of the facts and evidence, the district court ruled in accordance with the agreement of the parties, adjusted Connor's offense level to 34 and his criminal history category to III, with an attendant adjusted guideline range of 135 to 168 months' imprisonment.

brief, and asserts error in the increase of the amount of crack cocaine attributable to him from 50 grams to 150-500 grams. We find Connor's assertions to be without merit.

First, Connor's claim of ineffective assistance of counsel should be brought by motion under 28 U.S.C. § 2255 (2000), in the district court, and not on direct appeal, unless it "conclusively appears" from the record that the defense counsel did not provide effective representation. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Because it does not conclusively appear from the record that defense counsel here was ineffective, we decline review of this issue on direct appeal.

Connor's pro se claim of error in the increase of the quantity of drug amount on which he was sentenced was based on his own admissions in his objections to his presentence report and at sentencing. Hence, the claim has no merit on appeal.

While not raised by Connor or his attorney, we find that, although the imposition of Connor's sentence under the then-mandatory sentencing guidelines was error under United States v. Booker, 543 U.S. 220 (2005),[2] see United States v. White, 405 F.3d 208, 216-17 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005), in light of the district court's announcement of an identical

---

[2]As in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [the defendant's] sentencing."

alternate sentence, the error was harmless, as it did not affect the selection of Connor's sentence.  See United States v. Shatley, 448 F.3d 264, 266-67 (4th Cir.), petition for cert. filed, Aug. 11, 2006 (No. 06-227); United States v. Revels, ___ F.3d ___, 2006 WL 1134148 at *3 (4th Cir. May 1, 2006).

Moreover, we find that the district court properly sentenced Connor in compliance with the mandates of Booker, and Connor's sentence was reasonable.  See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005); see also United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 2006 WL 1057741 (U.S. May 22, 2006) (No. 05-10474) (sentence imposed within the advisory guideline range is presumptively reasonable).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Connor's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

- 4 -

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>