**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                              No. 05-4118

WAYNE SHATLEY,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-03-35-V)

Argued: March 15, 2006

Decided: May 16, 2006

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

---

Affirmed by published opinion. Judge Niemeyer wrote the opinion, in which Judge Wilkinson and Judge Duncan joined.

---

**COUNSEL**

**ARGUED:** Herbert Victor Larson, Jr., New Orleans, Louisiana, for Appellant. Matthew Theodore Martens, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellee.

---

**OPINION**

NIEMEYER, Circuit Judge:

Wayne Shatley was convicted of conspiracy to buy votes in a North Carolina general election and of three counts of actually buying votes, in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1973i(c). The district court sentenced Shatley under the Sentencing Guidelines, increasing his offense level based on findings that Shatley organized the conspiracy and obstructed justice during investigation of the conspiracy, and sentenced him to 33 months' imprisonment. Following our recommendation in *United States v. Hammoud*, 381 F.3d 316, 353-54 (4th Cir. 2004), the district court also announced that if the Sentencing Guidelines were determined to be unconstitutional, it would impose the same sentence as a "nonguideline sentence" under 18 U.S.C. § 3553(a).

Shatley contends that under *United States v. Booker*, 543 U.S. 220 (2005), "the maximum sentence permitted by the facts of his conviction" is 16 months' imprisonment and that the alternative nonguideline sentence cannot make his illegal sentence legal.

Even though we agree with Shatley that the district court committed *Booker* error, we conclude that, in light of the district court's announcement of an alternative sentence, the error was harmless. We therefore affirm.

I

During the election campaign before the November 2002 general election in Caldwell County, North Carolina, Wayne Shatley and four others engaged in a widespread scheme to buy votes for the Republican candidate for sheriff, Gary Clark. Shatley organized and financed the conspiracy, using $5,000 to $6,000 of his own money, to pay individuals for votes, usually $25 each. Shatley was charged in one count with conspiracy to buy votes, in violation of 18 U.S.C. § 371, and in three counts with actually buying votes on October 30, 2002, in violation of 42 U.S.C. § 1973(i)(c). A jury convicted him on all counts, and the district judge sentenced him under the Sentencing Guidelines

to 33 months' imprisonment, selecting the maximum sentence under the applicable guideline range because of the "extensive disruption of a government service" that Shatley caused.

During sentencing, the district court found that Shatley was an organizer or leader of criminal activity that involved at least five participants, justifying a four-level enhancement under U.S.S.G. § 3B1.1(a), and that he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation" of the offenses of conviction, justifying a two-level enhancement under U.S.S.G. § 3C1.1. The government had presented evidence through the Presentence Report that Shatley induced Anita Moore, one of his co-conspirators, to testify falsely before the Board of Elections that Shatley was not involved in the vote-buying scheme. Shatley had purchased Moore's house during foreclosure proceedings and told her whether she got her house back depended on her testimony. In accordance with its findings, the court enhanced Shatley's offense level from level 12 to level 18. The findings made by the district court increased the applicable sentencing range from a range of 10 to 16 months' imprisonment to a range of 27 to 33 months' imprisonment. Shatley objected to the enhancements, based on *Blakely v. Washington*, 542 U.S. 296 (2004), because the district court, not the jury, made the factual findings that increased his offense level.

After sentencing Shatley to 33 months' imprisonment under the Sentencing Guidelines, the court also announced an alternative nonguideline sentence:

> Now, the court would impose a sentence under the *Hammoud* case and 18, U.S. Code, 3553 as a nonguideline sentence which would be the same sentence and for the same reasons, that is reflecting particularly deterrence and punishment as well as rehabilitation.

Shatley has filed this appeal, contending that "based upon the straightforward language of the Supreme Court in its opinion in *United States v. Booker*, . . . the maximum sentence that the district court could legally impose upon him was 16 months, as this was the maximum sentence permitted by the facts reflected in the jury's ver-

dict." Shatley requests that his 33-month sentence be vacated and that the case be remanded for imposition of a sentence not greater than 16 months.

## II

It is undisputed that the sentence imposed on Shatley under the Sentencing Guidelines violated his Sixth Amendment right to a jury trial, as articulated in *United States v. Booker*, 543 U.S. 220 (2005), because the court imposed a sentence in excess of that authorized by the facts found by the jury. The remaining issue is whether the Sixth Amendment violation was prejudicial, given the fact that the district court announced an alternative nonguideline sentence under 18 U.S.C. § 3553(a) identical to the Guidelines sentence.

Because Shatley objected to the sentencing enhancements under *Blakely*, we review his sentence for harmless error, *see United States v. Rodriguez*, 433 F.3d 411, 415-16 (4th Cir. 2006); Fed. R. Crim. P. 52(a), and the government bears the burden of proving that the error was harmless, *id.* at 416. In this context, the government must prove beyond a reasonable doubt that the court would have imposed the same sentence in the absence of the constitutional error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 81 & n.7 (2004); *see also United States v. Hughes*, 401 F.3d 540, 548 (4th Cir. 2005).

We conclude that because the district court announced an identical alternative sentence, treating the Sentencing Guidelines as advisory and considering the statutory sentencing factors in 18 U.S.C. § 3553(a), the government has met its burden of demonstrating that the constitutional error in this case was harmless. *See United States v. Revels*, No. 05-4142, ___ F.3d ___ (4th Cir. May 1, 2006).*

---

*In a string of unpublished opinions, we have previously held that such error in imposing a sentence pursuant to the Guidelines is rendered harmless by the imposition of an identical alternative sentence. *See, e.g.*, *United States v. Martinez*, 127 Fed. Appx. 107 (4th Cir. 2005) (per curiam); *United States v. Washington*, 124 Fed. Appx. 809 (4th Cir. 2005) (per curiam); *United States v. Anderson*, 124 Fed. Appx. 211 (4th Cir. 2005) (per curiam). The other circuits that have considered the issue have reached the same conclusion. *See United States v. Dulcio*, 441 F.3d

In *United States v. Hammoud*, 381 F.3d 316, 353-54 (4th Cir. 2004), we recommended that district courts announce, at the time of sentencing, an alternative sentence determined pursuant to 18 U.S.C. § 3553(a) and treating the Sentencing Guidelines as advisory only. The district court followed this recommendation, and its alternative sentence was within the range recommended by the Sentencing Guidelines and was based on the sentencing factors enunciated in 18 U.S.C. § 3553(a), "particularly deterrence and punishment as well as rehabilitation."

Shatley does not contend that the district court's factual findings were clearly erroneous or that the district court incorrectly calculated the sentencing guidelines range based on those findings. Rather, he simply contends that this "'alternative nonguideline sentence' does not change anything. If the sentence imposed upon [him] was illegal because it exceeded the constitutional maximum for the offense of conviction, imposing that same illegal sentence under a different rationale does not make it legal." This argument, however, fails to recognize that it is not the length of the sentence that offends the Sixth Amendment, but rather the process used to determine its length. If the jury had found the facts used to justify the 33-month sentence, Shatley surely would have no complaint. Similarly, if the sentence range was determined pursuant to facts found by the district court but the Sentencing Guidelines were taken only as advisory, Shatley could have no complaint as long as the sentence was entered under § 3553(a).

---

1269, 1277 (11th Cir. 2006); *United States v. White*, 439 F.3d 433, 436 (8th Cir. 2006); *United States v. McBride*, 434 F.3d 470, 473 (6th Cir. 2006); *United States v. Simpson*, 430 F.3d 1177, 1190-91 (D.C. Cir. 2005); *United States v. Saldana*, 427 F.3d 298, 314-15 (5th Cir. 2005); *United States v. Christopher*, 415 F.3d 590, 593-94 (6th Cir. 2005); *United States v. Hill*, 411 F.3d 425, 426 (3d Cir. 2005); *United States v. Robles*, 408 F.3d 1324, 1327-28 (11th Cir. 2005) (per curiam); *United States v. Bassett*, 406 F.3d 526, 527 (8th Cir. 2005) (per curiam); *United States v. Serrano-Dominguez*, 406 F.3d 1221, 1224 (10th Cir. 2005); *see also United States v. Knows His Gun*, 438 F.3d 913, 917-18 (9th Cir. 2006).

We have articulated the post-*Booker* procedure for sentencing in *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), *United States v. Green*, 436 F.3d 449 (4th Cir. 2006), and *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006). The district court presciently followed that procedure in determining the alternative sentence. It made its findings of fact, calculated the Sentencing Guideline range, chose a sentence within that range, and then determined that the sentence would serve the purposes listed in § 3553(a). Thus, even though the district court did impose a sentence under the Sentencing Guidelines that violated Shatley's Sixth Amendment rights, it announced at the same time that if the Sentencing Guidelines became advisory, it would impose the same sentence. In making that determination, it properly considered the § 3553(a) factors, as required by *Hughes*, *Green*, and *Moreland*. We take the district court at its word when it stated plainly that it would impose the same sentence under an advisory guideline system. Thus, the error was harmless; to remand this case now in view of these facts would amount to an "empty formality." *Revels*, ___ F.3d at ___.

Shatley makes no argument that the alternative nonguideline sentence is "unreasonable." *See Green*, 436 F.3d at 457. Accordingly, the judgment of the district court is

*AFFIRMED*.