**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4018**

---

UNITED STATES OF AMERICA,

                                      Plaintiff - Appellee,

      versus

ALVIS REZA JONES,

                                      Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., Chief District Judge. (CR-04-245)

---

Submitted: October 26, 2005           Decided: June 30, 2006

---

Before WILLIAMS, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alvis Reza Jones appealed his 127-month sentence, which was imposed following his guilty plea to possession with intent to distribute 10.3 grams of crack in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The sentencing court stated that it would impose the same 127-month sentence in its "unfettered discretion." Jones asserts on appeal that his sentence was improperly increased based upon a prior conviction that was not contained in the indictment to which he pled guilty and that his sentence was improperly increased based upon drug quantities not alleged in the indictment or found by a jury. We affirm.[1]

Jones asserts that the sentencing court violated the Sixth Amendment under Blakely v. Washington, 542 U.S. 296 (2004), and its progeny when it increased his sentencing range from five to forty years to ten years to life pursuant to 21 U.S.C. § 841(b)(1)(B) based upon a prior "felony drug offense" not alleged in his indictment or admitted by him. The Government filed an Information of Prior Conviction pursuant to 21 U.S.C. § 851 stating Jones was convicted of cocaine trafficking in North Carolina in May 2000 and that the Government therefore sought the increased penalties of § 841(b)(1)(B). Jones acknowledged the conviction at

_____

[1]This appeal was placed in abeyance for United States v. Shatley, 448 F.3d 264 (4th Cir. 2006).

his sentencing hearing.  Because Jones raised this issue in the sentencing court, review is de novo.

In <u>Shepard v. United States</u>, 544 U.S. 13, 19-21 (2005), the Supreme Court held that Sixth Amendment protections apply to disputed facts <u>about</u> a prior conviction that are not evident from "the conclusive significance of a prior judicial record."  Unlike the defendant in <u>Shepard</u>, Jones did not contest any facts about the prior conviction the court used to enhance his sentence.  While he alleges that the court implicitly made factual findings regarding the nature of his prior conviction to conclude it was a "felony drug offense," he did not contest the court's factual findings below or in his appellate brief.  Thus, his is a purely legal argument that, in all cases, a court must make factual findings in determining the nature of prior convictions for sentencing purposes.  However, this court has rejected this argument based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and other similar precedent.  <u>See</u> <u>United States v. Cheek</u>, 415 F.3d 349, 354 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 640 (2005).  Thus, when the facts about the prior convictions were undisputed, there is no Sixth Amendment error in utilizing the prior convictions to enhance a sentence.  <u>See</u> <u>id.</u> at 352-53 (finding no Sixth Amendment error in armed career criminal context); <u>see also</u> <u>United States v. Collins</u>, 412 F.3d 515, 521-23 (4th Cir. 2005) (finding that, when nature of prior conviction is undisputed, the court makes no factual findings

in determining that conviction was crime of violence or controlled substance offense).  For these reasons, this claim is meritless.

Jones next asserts he should be resentenced under Blakely because the district court imposed a sentence that was based on drug quantities that were neither alleged in his indictment nor admitted by him.  Because the 120-month mandatory minimum sentence was appropriate, this claim implicates the additional seven months in prison Jones received above the 120-month minimum.  The Government acknowledges that the district court erred in increasing Jones's sentence based upon its own factual finding.  The Government continues, however, that such error was harmless because the sentencing court also stated that it would impose the same 127-month sentence in its "unfettered discretion."  (Sealed JA II, 90).  Because this issue was raised at sentencing, this court's review is de novo.

We agree with the Government that any Sixth Amendment error is harmless.  The district court made it clear it would impose the same 127-month sentence if the Sentencing Guidelines were advisory.  The 127-month sentence falls within the statutory range of 120 months to life under § 841(b)(1)(B).  Therefore, the error is harmless under Fed. R. Crim. P. 52(a) because it did not affect Jones's substantial rights.  See United States v. Shatley, 448 F.3d 264, 265-67 (4th Cir. 2006).  For these reasons, we affirm Jones's sentence.  We dispense with oral argument because the

factual and legal issues are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED