**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4680**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RUDOLPH R. SCOTT, a/k/a Ron,

Defendant - Appellant.

---

**No. 04-4763**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES ARTHUR MATTISON, a/k/a Mad Dog,

Defendant - Appellant.

---

Appeals from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (CR-02-1358)

---

Submitted:  July 31, 2006        Decided:  August 23, 2006

---

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

Everett P. Godfrey, Jr., Margaret A. Chamberlain, Greenville, South Carolina, for Appellants.  Reginald I. Lloyd, United States Attorney, Regan A. Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rudolph Scott and Charles Arthur Mattison were found guilty after a jury trial of conspiracy to distribute between five and fifty grams of cocaine base, distribution of less than five grams of crack cocaine (Mattison), and distribution of more than five grams of crack cocaine (Scott). Presentence reports ("PSRs") were prepared and later amended at the district court's direction, recommending that each Defendant be held responsible for forty-nine grams of crack cocaine. Scott's calculated guideline range was 151-188 months' imprisonment. Mattison's calculated guideline range was 135-168 months.

Appellants objected to their sentences on the basis of Blakely v. Washington, 542 U.S. 296 (2004). The district court overruled Appellants' objections and sentenced Scott and Mattison to 156 months' imprisonment on each count of conviction, to run concurrently. The court held the sentencing hearings after United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), vacated, 543 U.S. 1097 (2005), issued and stated that, if the guidelines were held to be unconstitutional and not applied, it would impose the same sentence for Mattison and one additional year for Scott. On appeal, Appellants assert that the district court erred under United States v. Booker, 543 U.S. 220 (2005), by sentencing them based on drug quantity in excess of that established by the jury

verdict. The Government contends that any error was harmless in light of the alternative sentences.

Appellants argue that they should not be held responsible for forty-nine grams of cocaine base, resulting in a base offense level of 30, because the quantity was neither proven beyond a reasonable doubt nor admitted. Because Appellants properly preserved these Sixth Amendment claims, this court reviews under the harmless error analysis. See Booker, 543 U.S. at 268. The Government bears the burden in harmless error review of showing beyond a reasonable doubt that the error did not affect the defendant's substantial rights. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).

The district court stated that it would impose non-guidelines alternative sentences that were identical to Mattison's actual sentence and for Scott, one year higher than his actual sentence. Thus, the Government has met its burden of demonstrating that the constitutional error in this case was harmless. United States v. Shatley, 448 F.3d 264, 267 (4th Cir. 2006). The district court followed this court's recommendation in Hammoud, its alternative sentences were within the range recommended by the sentencing guidelines, and this court takes the district court at its word when it states that it would impose the sentences articulated under the advisory guideline system. See id..

Accordingly, we affirm Appellants' sentences and deny their motions to remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED