**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4963**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL EARL LITTLE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-04-147)

———————

Submitted:  August 11, 2006        Decided:  September 1, 2006

———————

Before NIEMEYER, MICHAEL, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Jonathan S. Gasser, Acting United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Earl Little pled guilty pursuant to a plea agreement to possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Little to seventy-two months' imprisonment under the then-mandatory sentencing guidelines. The sentencing court also imposed an alternative sentence, pursuant to United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 543 U.S. 1097 (2005), on remand, 405 F.3d 1034 (4th Cir. 2005). Little appeals, contending his sentence violated United States v. Booker, 543 U.S. 220 (2005).

The Sixth Amendment error in this case, if any, was harmless because the district court imposed an identical alternative sentence in accordance with Hammoud. See United States v. Shatley, 448 F.3d 264, 267 (4th Cir. 2006).* The district court's alternative sentence was within the range recommended by the sentencing guidelines, and this court takes the district court at its word when it states it would impose the same sentence under the advisory guideline system. See id. at 267-68. Therefore, we presume the district court properly considered the

---

*Moreover, Little has conceded in his supplemental brief, and the plea hearing transcript confirms, that statements he made at the guilty plea hearing constituted admissions of facts such that no Sixth Amendment error occurred at sentencing.

sentencing factors set forth in 18 U.S.C.A § 3553(a) (West 2000 & Supp. 2005), as required by United States v. Hughes, 401 F.3d 540, 546-56 (4th Cir. 2005); United States v. Green, 436 F.3d 449 (4th Cir.) cert denied., 126 S. Ct. 2309 (2006); and United States v. Moreland, 437 F.3d 424 (4th Cir. 2006). Shatley, 448 F.3d at 268. Furthermore, we conclude the sentence was reasonable. See Green, 436 F.3d at 457.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED