**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4814**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESS CALVIN TONEY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (CR-03-116)

---

Submitted: October 28, 2005      Decided: September 19, 2006

---

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David B. Franzén, FEIL, PETTIT & WILLIAMS, PLC, Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, Nancy S. Healey, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jess Calvin Toney appeals from his sentence and convictions entered after a jury found him guilty of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1) (West 2000 & Supp. 2006) (Count 1) and possession of a firearm while being an unlawful user of controlled substances in violation of 18 U.S.C. § 922(g)(3) (2000) (Count 2). Toney was sentenced to 60 months of imprisonment for Count 1 and 57 months consecutively for Count 2, for a total sentence of 117 months. On appeal, Toney argues that his sentence was imposed in violation of Blakely v. Washington, 542 U.S. 296 (2004), which has since been extended to the Federal Sentencing Guidelines by United States v. Booker, 543 U.S. 220 (2005), and that the district court erred by allowing certain letters into evidence. For the reasons that follow, we affirm.

Toney contends that the enhancements to his sentence for drug weight and obstruction of justice violate the Sixth Amendment under Booker. Because Toney preserved this issue by objecting below, we review de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). When a defendant preserves Sixth Amendment error, we "must reverse unless we find this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id. (citation omitted).

- 2 -

The Government admits that there was a Sixth Amendment violation in this case because Toney's sentence was enhanced by facts not necessarily found by the jury. The district court, however, imposed an identical, alternative sentence under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), in the event the Guidelines were found to be unconstitutional, following this court's opinion in United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), vacated on other grounds, 543 U.S. 1097 (2005). Because the district court explicitly stated that it would have imposed the same sentence even under an advisory guideline system, the Sixth Amendment error was harmless beyond a reasonable doubt. See United States v. Shatley, 448 F.3d 264, 267 (4th Cir. 2006) (holding that because the district court announced an identical alternative sentence, treating the Sentencing Guidelines as advisory and considering the statutory sentencing factors in 18 U.S.C.A. § 3553(a), the government has met its burden of demonstrating that the constitutional error was harmless). We also find no reversible error in the fact that the district court only mentioned its alternative sentence in its written judgment.

We do not find that the district court abused its discretion by allowing certain letters written by Toney to his wife to be admitted and for Toney to be cross-examined using the letters. United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995) (holding that a district court has broad discretion in ruling

on the relevance and admissibility of evidence which will not be reversed absent an abuse of discretion). We note that the letters to which Toney objects were introduced only after he had testified on direct examination that the credibility of his wife was suspect as evidenced by letters she had written to him. "[W]hen a defendant takes the stand, his credibility may be impeached and his testimony assailed like that of any other witness." Portuondo v. Agard, 529 U.S. 61, 69 (2000) (internal quotation and citation omitted). We therefore find this claim fails.

Accordingly, we affirm Toney's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -