**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4497**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHONTE L. DAVIS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  John T. Copenhaver, Jr.,
District Judge.  (2:03-cr-00238)

_____

Submitted:  October 27, 2006      Decided:  November 13, 2006

_____

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Carl J. Dascoli, Jr., MICHAEL R. CLINE LAW OFFICES, Charleston,
West Virginia, for Appellant.  Charles T. Miller, United States
Attorney, W. Chad Noel, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Shonte L. Davis pled guilty to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). He was sentenced to 108 months' imprisonment. This sentence was imposed prior to the Supreme Court's opinion in United States v. Booker, 543 U.S. 220 (2005). The district court granted Davis' 28 U.S.C. § 2255 (2000) motion, in which Davis claimed his trial counsel failed to file a notice of appeal despite instructions to do so. Vacating the original criminal judgment, the district court noted "the sentence heretofore imposed is in all respects the same sentence the court would have imposed in light of [Booker] and the factors specified" in Booker. The court then reentered judgment, imposing an identical term of 108 months' imprisonment, at the top of the sentencing guidelines range. Davis appealed, contending the reentry of judgment violated Booker because it deprived him of the opportunity to be sentenced under an advisory sentencing guidelines regime. We affirm.

Under Booker, when a defendant is sentenced under a mandatory guidelines scheme, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 224. Thus, error under the Sixth Amendment occurs when the district court

imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Id. Subsequently, in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), we held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not found by a jury or admitted by the defendant, constitutes plain error. That error affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Hughes, 401 F.3d at 546-56.

In this case, the district court's post-Booker reentry of judgment clearly indicates what sentence it would have imposed under an advisory guideline scheme. Although we detect no Sixth Amendment error at Davis' original, pre-Booker sentencing, any such error was harmless. See United States v. Shatley, 448 F.3d 264, 267 (4th Cir. 2006), cert. denied, ___ U.S. ___, 2006 WL 2378138 (U.S. Oct. 2, 2006) (No. 06-227). Further, the district court is presumed to have properly considered the 18 U.S.C.A § 3553(a) (West 2000 & Supp. 2005) sentencing factors, as required by Hughes, United States v. Green, 436 F.3d 449 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006), and United States v. Moreland, 437 F.3d 424 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). See Shatley, 448 F.3d at 268.

Davis' sentence, which is below the statutory maximum and within the properly calculated guidelines range, "is presumptively reasonable."  See Green, 436 F.3d at 457 (citations omitted). Accordingly, we affirm Davis' sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED