**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4029

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANNY L. BLACKMON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-03-77-F)

Submitted: October 25, 2006          Decided: December 13, 2006

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Jane E. Pearce, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Danny Blackmon guilty of kidnaping in violation of 18 U.S.C. § 1201 (2000). The court sentenced him to 365 months' imprisonment. He appeals his conviction and sentence.

Blackmon and his wife Robin moved into adjacent campers in Snead's Ferry, North Carolina, near Camp Lejeune Marine Corps Base. Blackmon had physically abused Robin prior to the instant offense. On the evening of the incidents giving rise to the conviction, Blackmon lured Robin to his van by saying her dog was in his van. When she saw there was no dog, she tried to run away. Blackmon shot her in the back with a pellet gun, and then ran up to her and shot her in the groin. Blackmon continued threatening Robin with the gun and then shot her in the neck. Blackmon then ordered her to take her clothes off and enter the van. While Blackmon drove, he ordered Robin to play with his penis. Robin complied.

Blackmon stopped the car within Camp Davis, which is part of Camp Lejeune Marine Corps base. Blackmon ordered Robin to perform oral sex. After she complied, Blackmon penetrated her anally and again demanded oral sex. Robin again complied. When Blackmon turned the van around to leave, it became stuck in the mud. Blackmon ordered Robin to push the van, which she did while still naked. However, she was unable to get the van free. Blackmon and Robin walked one hundred yards into the woods, and

- 2 -

Robin thought Blackmon was going to kill her. Instead, Blackmon and Robin engaged in a variety of sex acts.

Eventually, they returned to the van, and Blackmon walked down the road to get help pulling the van out of the mud. Blackmon was able to flag down Jack Carroll, who agreed to pull the van out of the mud after dropping off his boat. While Blackmon was waiting for Carroll, police officers arrived on the scene because they had been advised that people were flagging down vehicles. Robin did not alert the officers as to the events that had transpired because she was afraid of Blackmon's reaction. Carroll eventually returned and gave Robin a ride home. At that time, Robin reported to Carroll what had occurred. Police officers later went to Robin's camper. When they arrived, she told them that Blackmon had both abducted and sexually assaulted her.

The Presentence Report recommended a two-level enhancement because the victim sustained serious bodily injury, a two-level enhancement because a dangerous weapon was used, a two-level enhancement for perjury because Blackmon testified that he did not kidnap Robin, and a six-level enhancement because the victim was sexually exploited. Blackmon filed several objections, including an objection to the six-level enhancement for sexual exploitation, which was the only objection sustained by the court.[1]

---

[1]Blackmon was sentenced one month prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).

As a result, the total offense level was thirty-eight.  With a criminal history category III, Blackmon's guideline range was 292-365 months' imprisonment.  The court sentenced Blackmon to 365 months' imprisonment and said the sentence constituted "both the sentencing guideline sentence and the alternative sentence pursuant to 18 United States Code Section 3553(a), as directed by . . . United States v. Hammoud."[2]

The indictment charged that "at Marine Corps Base, Camp Lejeune, a place within the special maritime and territorial jurisdiction of the United States, the defendant, DANNY L. BLACKMON, did, knowingly, willingly, and unlawfully seize and confine, and hold for his own purposes, the victim, . . .  in violation of Title 18, United States Code, Section 1201." (JA 19). Section 1201 provides, in relevant part:

> (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when–
>
> > (1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary if the person was alive when the transportation began;
> >
> > (2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States;

---

[2]United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004).

- 4 -

18 U.S.C. § 1201(a)(1), (2).

Blackmon contends that the language of the indictment tracked § 1201(a)(2), but the evidence at trial proved a violation of § 1201(a)(1), creating a fatal variance. Specifically, he asserts that the indictment was based on a contention that the conduct occurred in the special territorial jurisdiction of the United States, while the proof at trial suggested the kidnaping occurred on state land and Robin was subsequently transported to (and held on) federal property, establishing a violation of § 1201(a)(1), not § 1201(a)(2). Blackmon argues that both the seizure and the holding of the victim must occur within the territorial jurisdiction of the United States to satisfy § 1201(a)(2). However, this court has held that "[k]idnaping is a continuing crime which begins the moment that the victim is unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away." United States v. Willis, 346 F.3d 476, 488 (4th Cir. 2003). Moreover, the first element of the crime can be established by any of the seven distinct acts listed under § 1201(a). There is nothing in the statute or case law to suggest that if more than one of those acts occur, they all have to occur on federal territory for the United States to have jurisdiction. See United States v. Stands, 105 F.3d 1565 (8th Cir. 1997) ("much of the defendant's inveigling . . . took place within the . . .

boundaries of the . . . reservation").[3]  Here, even though the abduction did not begin on a federal enclave, the evidence established that Robin was held on federal property.  Blackmon took Robin against her will in his van, and drove the van into Camp Davis, which is part of Camp Lejeune; once there, Blackmon engaged in sexual activity with Robin in the van, as well as in the nearby woods.  Thus, the evidence at trial established that Blackmon held Robin against her will in the special territorial jurisdiction of the United States.  There was no variance between the indictment and the proof at trial.

Next, Blackmon alleges that the evidence was insufficient to support his conviction because the evidence does not show Blackmon held Robin for an appreciable time period within the special territorial jurisdiction of the United States.  An appellate court should affirm a conviction challenged for sufficiency of the evidence if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996).  A defendant challenging a conviction for sufficiency of the evidence

_____

[3]Blackmon incorrectly argues that the court in Stands spent considerable  attention to determine federal jurisdiction, citing to four pages of that opinion. Appellant's reply brief at 4.  In fact, the Eighth Circuit used three sentences to address jurisdiction. Stands, 105 F.3d at 1571.

bears a "heavy burden," see United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995), and "a decision [to reverse for insufficient evidence] will be confined to cases where the prosecution's failure is clear." Burks v. United States, 437 U.S. 1, 17 (1978). An appellate court must "consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted). This court does not review credibility determinations on appeal. See Glasser, 315 U.S. at 80.

Blackmon's argument is that because he was acquitted of the sexual abuse charges, which occurred in the federal territorial jurisdiction, he must also be acquitted of the kidnaping charge. Blackmon's argument fails for two reasons. First, the acquittal on the sexual abuse charges does not necessarily mean the jury found Robin consented to the conduct. The jury was instructed to acquit Blackmon if they found he mistakenly, but reasonably, believed Robin consented. Moreover, "seemingly inconsistent conclusions should not be set aside as error unless the evidence in the case is insufficient to 'support any rational determination of guilt beyond a reasonable doubt.'" United States v. Hopkins, 310 F.3d 145, 153 (4th Cir. 2002), quoting United States v. Powell, 469 U.S. 57, 67 (1984). We find Robin's testimony that she was held on federal property against her will for three to four hours satisfies the

requirement that the victim be held for an appreciable period of time. Chatwin v. United States, 326 U.S. 455, 460 (1946) (holding that an "act of holding a kidnaped person for a proscribed purpose necessarily implies an unlawful physical or mental restraint for an appreciable period").

Blackmon argues that the trial court erred under Booker by sentencing him under a mandatory guideline scheme and making factual findings that increased his sentence. The Government concedes error, but argues the error did not affect Blackmon's substantial rights.

Because Blackmon preserved his Sixth Amendment claim, it is reviewed for harmless error. Booker, 543 U.S. at 268. The government bears the burden of showing beyond a reasonable doubt that the error did not affect the defendant's substantial rights. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). However, because the district court stated that it would impose an identical alternative sentence under § 3553 if the guidelines were determined to be non-binding or unconstitutional, the government has met its burden of showing that the Sixth Amendment error was harmless. United States v. Shatley, 448 F.3d 264, 267 (4th Cir. 2006). The district court followed this court's recommendation in United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), vacated, 543 U.S. 1097 (2005), the alternative sentence was within the range recommended by the sentencing guidelines, and this court takes the

district court at its word when it states that it would impose the same sentence under an advisory guidelines system. <u>Shatley</u>, 448 F.3d at 268. We find Blackmon is not entitled to relief.

Finally, Blackmon argues the sentencing guidelines are unconstitutional because the Feeney Amendment to the PROTECT ACT, Pub. L. No. 108-21, 117 Stat. 667 (2003), violates the Separation of Powers doctrine. He relies on <u>United States v. Detwiler</u>, 338 F. Supp. 2d 1166 (D. Or. 2004). Because the district court noted it would give the same sentence if the guidelines were advisory, any error is harmless. <u>See generally</u> <u>United States v. Coleman</u>, 451 F.3d 154 (3d Cir. 2006).

Accordingly, we affirm Blackmon's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>