PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                        *Plaintiff-Appellee,*

v.

RICHARD GUYON, a/k/a Michael A.
Banks,
                        *Defendant-Appellant.*

No. 04-4682

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CR-03-126)

Argued: October 25, 2006

Decided: December 15, 2006

Before WILKINS, Chief Judge, and NIEMEYER
and MOTZ, Circuit Judges.

Vacated and remanded by published opinion. Judge Motz wrote the
opinion, in which Chief Judge Wilkins and Judge Niemeyer joined.

## COUNSEL

**ARGUED:** John Keating Wiles, CHESHIRE, PARKER, SCHNEI-
DER, BRYAN & VITALE, Raleigh, North Carolina, for Appellant.
Anne Margaret Hayes, Assistant United States Attorney, OFFICE OF
THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for
Appellee. **ON BRIEF:** Frank D. Whitney, United States Attorney,

Christine Witcover Dean, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

Pursuant to a written agreement, Richard Guyon pleaded guilty to several fraud offenses and was sentenced in August 2004. The then-mandatory Federal Sentencing Guidelines established a sentencing range of 140 to 175 months and permitted the district court to deviate from this range only if it found facts justifying a departure. In response to the Government's motion for an upward departure, Guyon argued that an increase based on judicial findings of fact would violate his Sixth Amendment rights. The district court rejected this argument, and, after finding that a sentence within the Guidelines range would inadequately address the seriousness of Guyon's criminal history and his strong likelihood of recidivism, sentenced Guyon to 180 months. Absent this judicial fact-finding, the court could not have sentenced Guyon to more than 175 months. Guyon appeals, challenging his sentence. Because *United States v. Booker*, 543 U.S. 220 (2005), requires us to hold that the upward departure violated the Sixth Amendment, we vacate and remand for resentencing.

I.

At a Kinko's in Durham, North Carolina, Guyon introduced himself to the victim as Michael A. Banks and told her (falsely) that he owned a computer consulting business that was relocating to the area. Later, the two met for drinks and began dating. Guyon quickly convinced the victim that he loved her — and gained access to her substantial financial assets. He stole savings bonds from her safety deposit box, forged them, and cashed the forgeries. He forged checks from her investment and checking accounts. He cloned or stole her ATM card and withdrew funds. Through various devices of fraud and theft, Guyon ultimately stole from her over $170,000.

The victim discovered the fraud and alerted the authorities. Pursuant to a written plea agreement, Guyon pleaded guilty to one count of unauthorized use of an access device with intent to defraud, 18 U.S.C. § 1029(a)(2) (2000) (count 1), one count of forging an obligation of the United States, 18 U.S.C. § 471 (2000) (count 2), one count of uttering a forged obligation of the United States, 18 U.S.C. § 472 (2000) (count 3), and two counts of bank fraud, 18 U.S.C. § 1344 (2000) (counts 4 and 5). Under the terms of the plea agreement, Guyon waived all rights to appeal his sentence, "reserving only the right to appeal from an upward departure from the Guideline[s] range that is established at sentencing."

At the time of Guyon's sentencing in August 2004, the Guidelines were mandatory. Applying them, the pre-sentence report calculated a sentencing range of 140 to 175 months. The Government moved for an upward departure, arguing that the Guidelines range did not adequately reflect the extent of Guyon's criminal history, the similarity between his past transgressions and his current offenses, and his likelihood of recidivism. *See* United States Sentencing Commission, Guidelines Manual § 4A1.3 (Nov. 2000) (USSG). To support a departure, the Government offered substantial evidence that Guyon had victimized many women with similar schemes, had previously defrauded his parents, other family members, and friends, and had stolen the identities of various acquaintances.

The district court agreed that the evidence supported an upward departure. It found the Guidelines range provided by the Sentencing Commission's computation inadequate "to address the recidivism here and the breadth of the crimes." The district court departed upward, *see* USSG § 4A1.3, raising Guyon's offense level by three. The court then sentenced Guyon to 180 months on counts 2, 3, 4, and 5, and 120 months on count 1, to run concurrently.

## II.

Guyon principally challenges his sentence as a violation of his Sixth Amendment right to trial by an impartial jury.[1]

---

[1]Guyon also challenges two alleged errors in the district court's calculation of his Guidelines range. In his plea agreement, however, Guyon

*Booker* reaffirmed that the Sixth Amendment requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. *Booker* further held that, under the mandatory Federal Sentencing Guidelines, the maximum sentence for Sixth Amendment purposes was the Guidelines maximum, not the statutory one. *See id.* at 232-34. Consequently, the *Booker* Court held unconstitutional the common practice under the mandatory Guidelines of using judicially found facts to increase a defendant's sentence beyond that possible on the basis of facts found by a jury or admitted by the defendant himself.[2] *Id.*

The district court sentenced Guyon prior to *Booker*, when, under this Court's precedent, *see United States v. Hammoud*, 381 F.3d 316, 353 (4th Cir.) (en banc), *vacated* 543 U.S. 1097 (2005), the Guidelines were mandatory. Based on the facts established by Guyon's plea, the maximum sentence was the top of the Guidelines range — 175 months. The district court, however, sentenced Guyon to 180 months after finding additional facts not admitted by Guyon: the likelihood that Guyon would return to crime, the character of his criminal history, and the inadequacy of a 175-month sentence. Seemingly, under *Booker*, increasing Guyon's sentence above the applicable Guidelines range on the basis of these judicially found facts violated the Sixth Amendment.

---

knowingly and intelligently waived the right to appeal all sentencing issues, except those related to an upward departure. Consequently, we will not consider these two additional challenges. *See United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

[2]*Booker* remedied the constitutional problem it identified by "sever-[ing] and excis[ing]" the "provision of the federal sentencing statute that makes the Guidelines mandatory," along with another provision that "depend[ed] upon the Guidelines' mandatory nature." 543 U.S. at 245 (severing and excising 18 U.S.C.A. § 3553(b)(1) (Supp. 2004) and 18 U.S.C.A. § 3742(e) (main ed. and Supp. 2004)). *Booker* directed courts to apply "both the Sixth Amendment holding and [the] remedial interpretation of the Sentencing Act . . . to all cases on direct review." *Id.* at 268.

Nevertheless, the Government argues that the sentence did not violate *Booker* because the facts found by the district court fall within the "prior conviction exception." *See Apprendi v. New Jersey*, 530 U.S. 466, 487-90 (2000) (discussing *Alamendarez-Torres v. United States*, 523 U.S. 224, 230 (1998)). Under that exception, the fact of a prior conviction can serve as the basis for a sentence higher than could otherwise be imposed, even without a jury having found that fact. *Apprendi*, 530 U.S. at 490. The prior conviction exception, however, does not encompass § 4A1.3 departure determinations. As the Ninth Circuit explained in *United States v. Kortgaard*, 425 F.3d 602, 608-09 (9th Cir. 2005), § 4A1.3 determinations are "fundamentally factual in nature . . . . [They] do not follow necessarily from the fact of any prior conviction or sentence but instead call for the judgment of a factfinder." We agree.

For example, in this case the controlling question was not whether Guyon had previously been convicted of a crime, but whether the Guidelines sentence "significantly under-represent[ed] the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." USSG § 4A1.3 (2000). Indeed, a court could evaluate two defendants with identical past convictions and find that a sentence sufficient for one was inadequate for the other, because the evidence demonstrated that the latter's acts were more serious or that he was more likely to commit future crimes. Because a § 4A1.3 upward departure does not turn on the mere "fact of a prior conviction" — as evidenced by the district court's review of evidence about the full scope of Guyon's behavior — the exception does not apply. Consequently, the upward departure in Guyon's case violated the Sixth Amendment.

Because Guyon preserved his Sixth Amendment claim below, we must determine whether this error was harmless, that is, whether it affected Guyon's substantial rights. *United States v. Robinson*, 460 F.3d 550, 558 (4th Cir. 2006). "[A] Sixth Amendment error affects a defendant's substantial rights unless the Government can 'prove beyond a reasonable doubt' that the error was harmless — that is, that 'the court would have imposed the same sentence in the absence of the constitutional error.'" *Id.* (*quoting United States v. Shatley*, 448 F.3d 264, 267 (4th Cir.), *cert. denied*, ___ U.S. ___, 127 S. Ct. 310 (2006)).

The Government argues that the error here was harmless because, after determining that the Guidelines authorized an upward sentencing departure, the district court had the discretion to determine the degree of that departure, or even forgo it entirely. But the district court's discretion does not cure its error in exceeding the Guidelines maximum. Under the mandatory Guidelines, the court could not have sentenced Guyon above 175 months without making the forbidden factual finding. Thus, but for the error, Guyon would have received a shorter sentence. Consequently, the error affected Guyon's substantial rights and was not harmless. Of course, on remand, under the newly advisory Guidelines, the district court can, if reasonable, impose a sentence greater than 175 months.

## III.

For the reasons discussed above, we vacate Guyon's sentence and remand for re-sentencing under *Booker*.

*VACATED AND REMANDED*