*302 SHEDD, Circuit Judge,
concurring:
I am pleased to concur in the per curiam opinion. I write separately to note that, in my view, the sentence could also be affirmed on the alternate reasoning given by the district court.
The district court calculated Lee’s sentencing guidelines range and overruled his objection to the four-level enhancement. The court then sentenced Lee using the enhancement, but it also explained why it would sentence Lee to the same term of imprisonment even if the enhancement does not apply. Although Lee argues on appeal that the court erred in using the enhancement, he does not argue that the court committed any other error in the guidelines calculation.
In imposing the alternate sentence, the district court followed the reasoning of United States v. Keene, 470 F.3d 1347 (11th Cir.2006). In Keene, the district court sentenced the defendant using a contested sentencing enhancement, but it also stated that even if the enhancement did not apply it would impose the same sentence. On appeal, the Eleventh Circuit affirmed without deciding the enhancement issue because it found that the alternate sentence was reasonable. As the court explained: “[I]t would make no sense to set aside this reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm.” Id. at 1350.
This case is strikingly similar to Keene. Even if we agreed with Lee regarding the enhancement, a remand to the district court would lead to imposition of the same sentence. In this circumstance, where we are presented with a single disputed guideline calculation, the question that we could have addressed in lieu of the propriety of the enhancement is whether the sentence imposed (without the enhancement) is nonetheless reasonable. For the reasons set forth by the district court, I believe that the alternate sentence is reasonable. Therefore, this case could have been affirmed, simply on the alternate sentence. See United States v. Shatley, 448 F.3d 264 (4th Cir.2006) (affirming an alternate sentence that was identical to a sentence that violated United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the Booker error was harmless).