# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2010

Charles R. Fulbruge III
Clerk

No. 08-11017
consolidated with
No. 09-10532
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

HAROLD DOUGLAS ECKSTEIN,

Defendant – Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:89-CR-113-ALL

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Harold Douglas Eckstein appeals the thirty-six month sentence imposed by the district court following the revocation of his supervised release. He contends that the district court's order on remand failed to sufficiently clarify that his revocation sentence is to run consecutively only to any sentences that were imposed on him prior to the date of the original judgment of revocation,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-11017

October 16, 2008, and not to any sentence imposed subsequently. We affirm the district court as we find the written judgment, as amended, sufficiently clear.

"Criminal sentences must reveal with fair certainty the intent of the court to exclude any serious misapprehensions by those who must execute them. Therefore, unclear or ambiguous sentences must be vacated and remanded for clarification in the interest of judicial economy and fairness to all concerned parties."[1]

At Eckstein's sentencing hearing, the district court orally pronounced that Eckstein's thirty-six month sentence was "to be consecutive to any sentence that you're serving under the state or any other system." However, the district court's original written judgment of revocation, dated October 16, 2008, stated that Eckstein's thirty-six month sentence was "to be served consecutive to any sentence imposed by any other court." Eckstein appealed from the original written judgment, contending that it failed to conform to the district court's oral pronouncement of the sentence. The government agreed and moved, unopposed, for a limited remand to allow the district court to conform its written judgment to its orally pronounced sentence.

On remand, the district court issued a nunc pro tunc order on May 11, 2009, clarifying the sentence. The district court stated that it was amending the relevant portion of its October 16, 2008 written judgment to "conform exactly to [its] oral pronouncement of sentence." It amended the relevant portion of its written judgment to state that Eckstein's revocation sentence was "to be served consecutive to any sentence that he is serving under the state or any other

---

[1] *United States v. Garza*, 448 F.3d 264, 302 (5th Cir. 2006) (internal quotations and citations omitted).

system." Eckstein now appeals from the district court's clarification order and his appeals have been consolidated.

Eckstein argues that remand for further clarification is necessary because the district court's written judgment, as amended by the May 11, 2009 order, could be misinterpreted to mean that Eckstein's revocation sentence is to run consecutively to a sentence imposed after the imposition of his revocation sentence. His argument is unavailing. The May 11, 2009 order explains that it is amending the October 16, 2008 written judgment. As such, the amendment was to be effective October 16, 2008. Given that the written judgment, as amended by the May 11, 2009 order, speaks in the present tense regarding the sentences to which Eckstein's revocation sentence will be consecutive, is dated October 16, 2008, and explicitly indicates that the date of the imposition of the revocation sentence was October 16, 2008, it is apparent the term "he is serving" refers to any sentence being served by Eckstein as of October 16, 2008.

Moreover, when the district court's amended sentence is read in context with the explanation provided in the body of its May 11, 2009 order, the alternative interpretations proposed by Eckstein lack plausibility. The district court explained in the May 11, 2009 order the meaning of the oral sentence, stating "[t]he oral sentence was that defendant be committed to the custody of the Bureau of Prisons to serve a term of imprisonment of thirty-six months 'consecutive to any sentence that [he was] serving under the state or any other system.'" (alteration in original). The district court's alteration of "you're serving" to "[he was] serving" makes clear that it was amending its written judgment, in conformity with its oral pronouncement, to indicate that Eckstein's

No. 08-11017

revocation sentence is to be served consecutively to any sentence he was serving as of the date of the oral pronouncement—October 16, 2008.

Because the district court's written judgment, as amended by its May 11, 2009 order, is not unclear or ambiguous, remand is not necessary. The judgment of the district court is AFFIRMED.