**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4064**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ROBERTO E. DELEON,

Defendant – Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 12-6558)

Submitted: July 26, 2013          Decided: September 12, 2013

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Paul Michael Cunningham, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.  **ON BRIEF:** James Wyda, Federal Public Defender, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Paul E. Budlow, Assistant United States Attorney, Julia Jarrett, Student Intern, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Roberto DeLeon of second-degree murder, in violation of 18 U.S.C. § 1111(a), and assault causing serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). At sentencing, the district court found that the victim, DeLeon's stepson Jordan Peterson, was under the age of eighteen and sentenced DeLeon pursuant to 18 U.S.C. § 3559(f), which establishes mandatory minimum sentences for crimes of violence if the victim is under eighteen. On appeal, we affirmed the district court over DeLeon's objection that the trial judge's use of judicial factfinding to find Jordan's age, a fact that increased the mandatory minimum sentences, violated DeLeon's Sixth Amendment rights. United States v. DeLeon, 678 F.3d 317, 331-33 (4th Cir. 2012). The Supreme Court granted DeLeon's petition for writ of certiorari, vacated this court's judgment, and remanded for further consideration in light of Alleyne v. United States, 133 S. Ct. 2151 (2013). Because of this intervening change in law, we vacate DeLeon's sentence and remand to the district court for resentencing.

I.

At sentencing, the district court found, over DeLeon's objection, that Jordan was eight-years old, subjecting DeLeon to heightened mandatory minimum prison terms of thirty years for

2

the murder conviction, and ten years for the assault conviction. After reexamining trial evidence, the district court determined that there was "clear evidence" that Jordan was eight-years old and, regardless, that his age was not a factual issue that needed to be presented to the jury. J.A. 3112.[1] As a result of the district court's finding, the mandatory minimum sentence for DeLeon's second-degree murder conviction increased from zero to thirty years, and from zero to ten years for his assault conviction. The district court sentenced DeLeon to the mandatory minimum on both counts with the sentences running concurrently.

On appeal, DeLeon challenged his sentence on multiple grounds. His appeal focused on establishing that the victim's age was an element of the offense, rather than a sentencing factor, and was thus a fact that had to be submitted to the jury and found beyond a reasonable doubt under United States v. O'Brien, 130 S. Ct. 2169, 2175 (2010). In addition, he argued that any fact that mandates a judge impose a more severe sentence than the judge would otherwise have the discretion to impose must be submitted to the jury and proven beyond a reasonable doubt.

---

[1] All references to the "J.A." are to the Joint Appendix compiled by the parties.

3

The bulk of this court's decision revolved around the O'Brien question. We concluded that age is a sentencing factor under 18 U.S.C. § 3559(f) that can be found by a preponderance of the evidence. At the time, DeLeon's judicial factfinding argument was foreclosed by Harris v. United States, 536 U.S. 545, 568 (2002) (holding that increasing mandatory minimums based on judicial factfinding does not violate the Sixth Amendment).

After we decided DeLeon's appeal, the Supreme Court overruled Harris in Alleyne and held that facts which increase mandatory minimum sentences must be admitted or submitted to the jury and established beyond a reasonable doubt. 133 S. Ct. at 2163. Thus, the district court's finding that Jordan was eight-years old--a finding that increased the the mandatory minimum sentences--is impermissible. We reconsider DeLeon's sentence in light of this development.

II.

DeLeon raised the Sixth Amendment objection to judicial factfinding before the district court; thus, we review his argument for harmless error. United States v. Robinson, 460 F.3d 550, 557 (4th Cir. 2006). Under this standard, we must reverse unless the government can demonstrate beyond a reasonable doubt that "'the court would have imposed the same

4

sentence in the absence of the constitutional error.'" Id. at 558 (quoting United States v. Shatley, 448 F.3d 264, 267 (4th Cir. 2006)).

The government has not met its burden. We recognize that the district court could, at least in theory, arrive at the same sentences in this case via the guidelines.[2] In its brief, however, the government admits that the statutory minimum that DeLeon faced was severe. Appellee's Br. 98. Likewise, the district court expressed its displeasure with the thirty-year mandatory minimum prison term for the second-degree murder conviction in this case, noting several mitigating factors. J.A. 3140-42. Although the judge also commented that he believed anything less than twenty years for DeLeon would be inappropriate, J.A. 3141, we cannot say beyond a reasonable doubt that the error did not affect the sentence imposed. We

---

[2] Calculating the advisory guideline range for DeLeon's second-degree murder conviction without the mandatory minimum, the district court found that DeLeon would be subject to a prison sentence of 292 to 365 months. J.A. 3116. With the mandatory minimum included, the lower end of the guidelines range rose to 360 months. Id. The district court did not calculate the guidelines range for the assault charge without the mandatory minimum. Neither did the presentence investigation report. As to that offense, the ten-year mandatory minimum prison term imposed by the district court is equal to the statutory maximum for the offense. 18 U.S.C. § 113(a)(6).

5

are therefore constrained to remand the case to the district court for resentencing.

III.

For the foregoing reasons, we vacate the district court's judgment and remand the case for resentencing.

VACATED AND REMANDED

6