**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4499**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

        v.

JOHNNY RAY LEE,

            Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (5:07-cr-00152-D-1)

Argued:  January 29, 2009              Decided:  March 27, 2009

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.  Judge Shedd wrote a separate concurring opinion.

**ARGUED:** Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.   Ethan A. Ontjes, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Johnny Ray Lee appeals the district court's imposition of a 420-month sentence upon his conviction of transmitting child pornography and transporting obscene materials over the Internet. Lee argues that, in calculating the advisory guidelines range, the district court erred by applying a four-level enhancement on the ground that Lee's "offense involved material that portrays sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.2(b)(4). The district court based this enhancement upon five images possessed by defendant. We conclude that the district court did not commit clear error in its findings that Exhibit 5, one of the images possessed by defendant, was sexually explicit child pornography portraying sadistic, masochistic, or other violent conduct. As such, it qualifies for the enhancement under any definition. We therefore affirm defendant's sentence without reaching defendant's arguments regarding the scope of section 2G2.2(b)(4)'s meaning or the section's constitutionality.

I.

In early 2006, Lee, a resident of North Carolina, transmitted child pornography images to an undercover police officer in Keene, New Hampshire. Investigators in Keene

3

contacted the North Carolina State Bureau of Investigation, which began its own investigation. An undercover officer made online contact with Lee, and determined that he was involved in exchanging child pornography. After communicating with the officer online, Lee agreed to meet the officer in person for the purpose of exchanging child pornography images. Lee came to the meeting with disks containing child pornography, and subsequent searches of several online accounts revealed more image files. In total, Lee's collection contained between 275 and 295 child pornography images.

A federal grand jury indicted Lee on five counts related to transmitting and possessing child pornography. Lee subsequently pled guilty to two of the counts: one count of transmitting child pornography in violation of 18 U.S.C. § 2252(a)(1), and one count of transporting obscene matters over the internet in violation of 18 U.S.C. § 1462. Lee waived his right to appeal a sentence of 293 months or fewer, but preserved his right to appeal a longer sentence.

Lee's presentence report determined that the advisory guidelines range for Lee's offense was 360 to 480 months of imprisonment on the count for transmission of child pornography. This calculation included a four-level enhancement resulting from five images "portray[ing] sadistic or masochistic conduct or other depictions of violence."  U.S.S.G § 2G2.2(b)(4).

4

Without this enhancement, Lee's guideline range on the first count would have been 235 to 293 months. The report also concluded that the guidelines advised the maximum penalty authorized by statute, 60 months of imprisonment, on the count for transportation of obscene materials over the internet.

At sentencing, defendant objected to the application of the enhancement based on the five images. First, defendant argued that four of the images did not depict sexually explicit content, and that the section can only apply to pornographic images when used to enhance a guidelines range for the offense of transmitting child pornography. Second, defendant argued that Exhibit 5, while sexually explicit, did not appear to depict an individual under 18 years of age, and that the image was not sadistic, masochistic, or violent.

The district court rejected defendant's arguments, holding that section 2G2.2(b)(4) applies to images that are sadistic, masochistic, or violent, even if not sexually explicit. The court made several holdings in the alternative: first, that the third and fifth images were sexually explicit; second, that the fifth image alone would support the enhancement, and that the individual depicted in the image was a minor; and third, that the fifth image would support the enhancement even if the individual depicted was an adult.

5

The district court thus calculated Lee's advisory guideline range to be 360 to 480 months of imprisonment on the transmission of child pornography count, as had the presentence report. The district court then, after considering the sentencing factors enumerated in 18 U.S.C. § 3553(a), sentenced defendant to a term of imprisonment of 420 months on the first count of the indictment, to be served concurrently with a term of 60 months on the second count. The court also observed that, if the four-level enhancement under section 2G2.2(b)(4) were improperly applied, the court would have sentenced defendant to the same sentence in light of the "unique nature and circumstances of this offense, the uniquely troubling history and characteristics of this defendant, and the unique need to protect the public from further crime of this defendant." J.A. 114. Defendant now appeals his sentence on the ground that the district court procedurally erred when computing defendant's advisory guidelines range.

II.

United States v. Booker, 543 U.S. 220 (2005), found the federal sentencing guidelines unconstitutional and remedied the unconstitutionality by declaring them to be merely advisory for sentencing judges. Sentences are now reviewed for reasonableness, an inquiry that "includes both procedural and

6

substantive components." United States v. Abu Ali, 528 F.3d 210, 260 (4th Cir. 2008). However, the guidelines are not without legal significance after Booker. The sentencing procedure mandated by the reasonableness inquiry requires district judges to calculate the proper guidelines range for a defendant at the outset of sentencing. See Gall v. United States, 128 S. Ct. 586, 596 (2007). "A sentence based on an improperly calculated guidelines range will be found unreasonable and vacated." Abu Ali, 528 F.3d at 260.

The advisory guidelines range calculated by the district court in this case included a four-level enhancement under section 2G2.2(b)(4). The district court's first justification for applying the enhancement was that section 2G2.2(b)(4) applies to material that is sadistic, masochistic, or violent, even if not sexually explicit. Defendant argues that this interpretation is inconsistent with the text of section 2G2.2(b)(4), which states that "[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, increase [the base offense level] by 4 levels." U.S.S.G. § 2G2.2(b)(4). Defendant contends that the provision's text requires that the sadistic, masochistic or otherwise violent material triggering the enhancement must be part of "the offense" -- here, transmitting child pornography. Thus, defendant contends that only sexually explicit images of

children depicting sadism, masochism, or other violence can be used to enhance defendant's sentence under section 2G2.2(b)(4). In the alternative, defendant argues that that a reading of section 2G2.2(b)(4) that allows an enhancement for non-pornographic material that is sadistic, masochistic, or violent is unconstitutionally overbroad, because it would increase a defendant's advisory guidelines sentencing range for possessing films and images representing constitutionally protected speech.

We need not address whether section 2G2.2(b)(4) applies to material that is not sexually explicit, or whether such a reading would implicate the First Amendment. The district court provided an alternate ground for its application of the four-level enhancement: it found that Exhibit 5 depicts a minor, is sexually explicit, and is sadistic, masochistic, or otherwise violent. Both sides agree that section 2G2.2(b)(4) can be properly triggered by an image that depicts a minor and is both sexually explicit and that portrays sadism, masochism, or other violent conduct. Defendant never contested that Exhibit 5 is sexually explicit, and on appeal now concedes that the individual depicted therein is a minor. Defendant thus only disputes the district court's factual finding that the image "portrays sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.2(b)(4). While we review a district court's legal conclusions de novo, the court's findings of fact

at sentencing will be overturned only if clearly erroneous. United States v. Hampton 441 F.3d 284, 287 (4th Cir. 2006); see also Gall, 128 S. Ct. at 597.

We hold that the district court did not clearly err in finding that Exhibit 5 portrays sadistic, masochistic, or other violent conduct. Pornographic images depicting the bondage of children are sadistic within the meaning of section 2G2.2(b)(4). See, e.g., United States v. Hoey, 508 F.3d 687, 692 n.3 (1st Cir. 2007). Exhibit 5 depicts a boy wearing a leather strap around his torso and holding his hands behind his back. Defendant argues that the boy is not bound, and does not appear to be in pain. However, both the leather strap and the placement of the boy's hands behind his back -- an unusual position for someone to place his unbound hands -- give rise to an inference that the boy's hands are bound. This inference is at the very least not clearly erroneous. We thus cannot say that the district court, in finding the image sadistic, masochistic, or violent, clearly erred.

Because we conclude that the district court's finding that Exhibit 5 was sadistic was not clearly erroneous, and because defendant concedes that the Exhibit was sexually explicit and depicted a minor, section 2G2.2(b)(4) clearly applies to it, even on the interpretation of the guideline advanced by defendant. The district court therefore calculated the advisory

9

guidelines range correctly.  Thus, there was no procedural error in defendant's sentencing.[*]

## III.

Defendant's sentence is therefore affirmed.

AFFIRMED

---

[*] Defendant does not argue that, if the advisory guidelines range calculated by the court was in fact correct, the sentence was nonetheless substantively unreasonable.

SHEDD, Circuit Judge, concurring:

I am pleased to concur in the per curiam opinion. I write separately to note that, in my view, the sentence could also be affirmed on the alternate reasoning given by the district court.

The district court calculated Lee's sentencing guidelines range and overruled his objection to the four-level enhancement. The court then sentenced Lee using the enhancement, but it also explained why it would sentence Lee to the same term of imprisonment even if the enhancement does not apply. Although Lee argues on appeal that the court erred in using the enhancement, he does not argue that the court committed any other error in the guidelines calculation.

In imposing the alternate sentence, the district court followed the reasoning of United States v. Keene, 470 F.3d 1347 (11th Cir. 2006). In Keene, the district court sentenced the defendant using a contested sentencing enhancement, but it also stated that even if the enhancement did not apply it would impose the same sentence. On appeal, the Eleventh Circuit affirmed without deciding the enhancement issue because it found that the alternate sentence was reasonable. As the court explained: "[I]t would make no sense to set aside this reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the

11

same sentence, a sentence we would be compelled to affirm." Id. at 1350.

This case is strikingly similar to Keene. Even if we agreed with Lee regarding the enhancement, a remand to the district court would lead to imposition of the same sentence. In this circumstance, where we are presented with a single disputed guideline calculation, the question that we could have addressed in lieu of the propriety of the enhancement is whether the sentence imposed (without the enhancement) is nonetheless reasonable. For the reasons set forth by the district court, I believe that the alternate sentence is reasonable. Therefore, this case could have been affirmed simply on the alternate sentence. See United States v. Shatley, 448 F.3d 264 (4th Cir. 2006) (affirming an alternate sentence that was identical to a sentence that violated United States v. Booker, 543 U.S. 220 (2005), because the Booker error was harmless).