UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 05-4093
(CR-04-140)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES DALE EVANS,

Defendant - Appellant.

O R D E R

The court amends its opinion filed August 25, 2006, as follows:

On page 2, the first line, the words "James Dale Evans pled guilty to" are corrected to read "James Dale Evans was found guilty of."

For the Court

/s/ Patricia S. Connor

_____

Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4093**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES DALE EVANS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (CR-04-140)

Submitted: July 31, 2006      Decided: August 25, 2006

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Dale Evans was found guilty of transporting or shipping child pornography by computer, 18 U.S.C.A. § 2252A(a)(1) (West Supp. 2006) (Counts One and Two); and possession of a computer and disks containing child pornography transported by computer, 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp. 2006) (Count Three).[1] The district court imposed a sentence of 246 months pursuant to the federal sentencing guidelines and also stated that, if the guidelines should later be held to be non-binding or unconstitutional, it would impose the same sentence under 18 U.S.C.A. § 3553 (West 2000 & Supp. 2006). Evans appeals his sentence, arguing that, because the district court accepted sentence enhancements recommended in the presentence report, his sentence was longer than the maximum authorized by the facts found by the jury and was thus imposed in violation of the Sixth Amendment. We affirm.

The probation officer recommended five enhancements under U.S. Sentencing Guidelines Manual § 2G2.2 (2003). Evans made no objection to the presentence report, but raised a general Blakely[2] objection at the sentencing hearing. The district court noted his objection, adopted the presentence report, imposed a sentence of

---

[1]The indictment and judgment and commitment order state that Evans was convicted under 18 U.S.C.A. § 2252(A). We assume § 2252A was meant.

[2]Blakely v. Washington, 542 U.S. 296 (2004).

246 months imprisonment, and then stated, "Should the sentencing guidelines be deemed nonbinding or unconstitutional, then I impose this sentence under 18 United States Code Section 3553."

Because Evans preserved his Sixth Amendment claim, it is reviewed for harmless error. United States v. Booker, 543 U.S. 220, 268 (2005). The government bears the burden of showing beyond a reasonable doubt that the error did not affect the defendant's substantial rights. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).

Even if the grand jury's special findings attached to the superseding indictment authorized the enhancements under § 2G2.2(b)(1), (b)(2)(B), (b)(3), and (b)(5), the jury verdict did not authorize the enhancement under § 2G2.2(b)(6)(D) for over 600 images or the obstruction of justice adjustment. Therefore, the parties are correct that Sixth Amendment error occurred. However, because the district court stated that it would impose an identical alternative sentence under § 3553 if the guidelines were determined to be non-binding or unconstitutional, the government has met its burden of showing that the Sixth Amendment error was harmless. United States v. Shatley, 448 F.3d 264, 267 (4th Cir. 2006). The district court followed this court's recommendation in United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), vacated, 543 U.S. 1097 (2005), the alternative sentence was within the range recommended by the sentencing guidelines, and this court takes the

district court at its word when it states that it would impose the same sentence under an advisory guidelines system.  <u>Shatley</u>, 448 F.3d at 268.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>