**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-6367**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JAMES DALE EVANS,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:04-cr-00140-TLW-1; 4:08-cv-70011-TLW)

———————

Submitted: March 10, 2011          Decided:  May 6, 2011

———————

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

James Dale Evans, Appellant Pro Se.  William E. Day, II,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Dale Evans appeals from the district court's order granting summary judgment to the government and denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2010) motion, in which he asserted four claims of ineffective assistance and challenged his sentence on Fifth and Sixth Amendment grounds. We previously granted a certificate of appealability on the issue of whether the district court abused its discretion in denying, without an evidentiary hearing, Evans' claim that counsel was ineffective in failing to explain adequately the government's offer of a plea agreement and the risks of going to trial (Claim One). We denied a certificate of appealability as to Evans' remaining claims, and dismissed the appeal of those claims. The government filed a response. For the reasons explained below, we vacate the district court's order as to Claim One and remand for further proceedings.

Evans was charged in a superseding indictment with transporting or shipping child pornography by computer, 18 U.S.C.A. § 2252A(a)(1) (West Supp. 2010) (Counts One and Two), and possession of a computer and disks containing child pornography, 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp. 2010) (Count Three). Evans went to trial and testified in his own defense, but was convicted on all counts. He was sentenced to a total of 246 months of imprisonment. In his direct appeal,

2

Evans unsuccessfully challenged his sentence. United States v. Evans, 196 F. App'x 194 (4th Cir. 2006).

Evans argues that the district court abused its discretion in granting summary judgment on his ineffective assistance of counsel claim without an evidentiary hearing. To succeed on a claim of ineffective assistance of counsel, Evans must show that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto." 28 U.S.C.A. § 2255(b). An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record and a credibility determination is necessary in order to resolve the issue. United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000); Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970). A district court's decision concerning whether a hearing is mandatory under § 2255 is reviewed for abuse of discretion. Raines, 423 F.2d at 530.

3

In his § 2255 motion, Evans asserted that his attorney, Henry Anderson, told him and his wife that the government had offered him a plea agreement, but advised him not to take it and failed to explain its terms. Evans also said Anderson told him his sentence would be about the same whether he went to trial or pled guilty, that is, between seven and ten years. In support of this claim, Evans submitted his own affidavit and one from his wife filed under penalty of perjury.

The government in its response relied on Anderson's affidavit in which Anderson stated that he "practically begged" Evans to plead guilty because, in view of the evidence, he thought an acquittal was not possible. Anderson also stated that he told Evans that ninety-eight percent of people who go to trial are convicted and that the jury would be biased against him because of the nature of the charged offense. Anderson stated that he "mentioned the guidelines" to Evans and explained the base offense level that would apply and what enhancements he might receive. Anderson also stated that he wrote to Evans just before trial. That letter, included with the government's response, briefly described what Evans' defense would be, and noted that "we have an uphill battle."

The district court acknowledged that an attorney's failure to adequately communicate a plea offer may be ineffective assistance, see Jones v. Murray, 947 F.2d 1106,

4

1110-11 (4th Cir. 1991), and stated that it had reviewed the "memoranda, exhibits, and affidavits submitted by the parties[.]" Despite the conflict between Evans' and Anderson's affidavits, the district court concluded that no evidentiary hearing was necessary because Evans had not "shown by a preponderance of the evidence that trial counsel was ineffective in not advising him of the Government's plea offer." The court found that Evans had "not produced any direct evidence to support his contention beyond the self-serving affidavits of himself and his wife."

The court further decided that direct evidence submitted by the parties supported its conclusion, namely, Anderson's notes concerning his advice to Evans and two letters he wrote to Evans. The first was the letter written on September 9, 2004, just before trial, in which Anderson stated that "we have an uphill battle." The second was a letter written in May 2004, not long after Evans' first meeting with him, in which Anderson wrote Evans that "I do not know if it will be in our best interest to go forward with the trial in June or not[.]" Neither Anderson's notes nor his letters establish that Anderson explained the government's plea offer to

Evans or warned him that going to trial would almost certainly result in a longer sentence if he were convicted.[*]

Because the affidavits of Evans and his wife, submitted under penalty of perjury, contradict Anderson's assertion that he explained the government's plea offer to Evans, and because Anderson's affidavit does not refute Evans' claim that Anderson failed to explain the risks of going to trial, it is apparent that the district court credited Anderson's affidavit over Evans' affidavit in making its decision. The government asserts that a testimonial hearing would have added little or nothing to the written submissions and that Evans' claim that his attorney advised him not to accept the government's plea offer because he was sure Evans would be acquitted was incredible. This argument only supports our conclusion that the resolution of Claim One required a credibility determination.

Accordingly, we vacate that portion of the district court's order denying relief on Claim One and remand for further

---

[*] Because Evans "put the government to its burden of proof at trial" by denying his factual guilt, he did not receive any reduction of the offense level for acceptance of responsibility. U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.2 (2003), and because he gave testimony that was deemed to be perjured, he received a two-level upward adjustment under USSG § 3C1.1. Anderson does not state in his affidavit that he informed Evans about this possible consequence of going to trial.

proceedings.  We, of course, express no view on the merits of Evans' claim.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>