**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 04-4817**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN A. WILLIAMS,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, District Judge. (CR-02-535)

─────────

Submitted: July 21, 2006          Decided: December 6, 2006

─────────

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

John A. Williams, Appellant Pro Se. Gina Laurie Simms, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John A. Williams appeals his convictions and sentence on four counts of making false statements to obtain federal employee compensation, and aiding and abetting same, in violation of 18 U.S.C. §§ 2 and 1920; and four counts of filing false tax returns, and aiding and abetting same, in violation of 18 U.S.C. § 2 and 26 U.S.C. § 7206(2). The district court sentenced Williams under the then-mandatory Sentencing Guidelines — increasing his offense level based on, inter alia, judicially determined findings of loss — to forty months of imprisonment and three years of supervised release. The court ordered Williams to make payment of restitution to the United States Department of Labor/Office of Worker's Compensation Programs of $41,906 and to the Internal Revenue Service of $102,527, and further ordered Williams to pay an $800 special statutory assessment. Following our recommendation in United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), vacated, 543 U.S. 1097 (2005), the court also announced that if the Sentencing Guidelines were determined to be unconstitutional, it would nonetheless impose the same sentence.

On appeal, Williams contends he was erroneously sentenced under a mandatory Guidelines scheme in violation of his Sixth Amendment rights and United States v. Booker, 543 U.S. 220 (2005), and that he has been improperly prohibited, as a condition of supervised release, from incurring new credit charges or opening

additional lines of credit without the approval of his probation officer.  Williams also challenges the search warrant of his home as illegal, and asserts claims of ineffective assistance of counsel, prosecutorial misconduct, and bias by the district judge. As explained below, we affirm Williams's convictions and sentence.

I.

A.

First, Williams relies on United States v. Booker to challenge his sentence.  In Booker, issued after Williams was sentenced, the Supreme Court held that a sentencing court commits Sixth Amendment error if it engages in judicial factfinding, under mandatory Sentencing Guidelines, that results in a sentence exceeding the maximum term authorized by the jury verdict alone.  See 543 U.S. at 244-45.*  Additionally, a sentencing court commits statutory error if it treats the Guidelines as mandatory, rather than as advisory. See id. at 245-46.  Williams contends that the sentence imposed by the district court violated his Sixth Amendment rights and was further erroneous in that it was imposed pursuant to a mandatory Guidelines scheme.  Because Williams raised a challenge at sentencing under Blakely v. Washington, 542 U.S. 296 (2004), he has

_____

*The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C. §§ 3553(b)(1) and 3742(e), thereby rendering the Guidelines advisory.  See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

- 3 -

preserved his constitutional and statutory Booker claims, and we review these claims for harmless error. See United States v. Rodriquez, 433 F.3d 411, 415-16 (4th Cir. 2006).

We agree with Williams that the district court committed constitutional and statutory Booker errors in sentencing him. Williams was sentenced under the mandatory Guidelines scheme and received more than the maximum sentence permitted by the facts found by the jury. However, because the court imposed an identical, alternative sentence in the event that the Guidelines were found to be non-binding, these errors were harmless. See United States v. Shatley, 448 F.3d 264, 267 (4th Cir. 2006) (concluding that constitutional Booker error was harmless where "the district court announced an identical alternative sentence, treating the Sentencing Guidelines as advisory"); Rodriquez, 433 F.3d at 416 (recognizing that statutory Booker error was not harmless where "the court offered no indication of whether it might have imposed a different sentence . . . under an advisory Guidelines regime"). The court followed our recommendation in Hammoud; its alternative sentence was within the range recommended by the Sentencing Guidelines, and we take the court at its word when it stated that it would impose the same sentence under an advisory Guidelines system. See Shatley, 448 F.3d at 267-68.

Williams also contends that he has been improperly prohibited, as a condition of supervised release, from incurring new credit charges or opening additional lines of credit without the approval of his probation officer. According to Brown, this condition will jeopardize his ability to support himself post-incarceration as an accountant and interfere with his ability to rely on credit to cover the costs of treatment for his deteriorating health. We review the imposition of special conditions of supervised release for abuse of discretion. See United States v. Dotson, 324 F.3d 256, 259 (4th Cir. 2003). Although a sentencing court must impose various statutorily required conditions of release, see 18 U.S.C. § 3583(d), it also enjoys substantial latitude to "impose any other condition it considers to be appropriate, as long as that condition is 'reasonably related' to statutory factors referred to in § 3583(d)(1)." Dotson, 324 F.3d at 260 (quoting § 3583(d)(1)). Such factors include "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Additionally, a special condition must "involve[] no greater deprivation of liberty than is reasonably necessary" to achieve its intended purpose. § 3583(d)(2).

Williams's presentence report recommended the special condition at issue "to assist in monitoring his financial circumstances," as "[i]t is not likely he will be able to pay back

much in restitution." And indeed, Williams has been ordered to pay restitution totaling more than $140,000 but, as the record reflects, possesses limited financial resources. In these circumstances, the special condition placed on Williams does not constitute an abuse of discretion, especially in view of the fact that, if a legitimate need arises, he may obtain permission from his probation officer to incur new credit charges or open additional lines of credit.

C.

Williams next challenges the legality of the search warrant of his home, contending that the United States Post Office, his former employer, should not have had the authority to obtain a search warrant over him because he was retired. The record reflects that agents of the U.S. Postal Inspection Service executed the search warrant on May 31, 2002, and we have not been presented with any support for the proposition that they were not authorized to do so pursuant to their investigative powers under 18 U.S.C. § 3061.

D.

Finally, Williams asserts claims of ineffective assistance of counsel, prosecutorial misconduct, and bias by the district judge. Williams's claims of ineffective assistance of counsel should be brought by motion under 28 U.S.C. § 2255 in the district court, and not on direct appeal, unless it "conclusively appears" from the record that the defense counsel did not provide effective

representation.  See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997); United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).  Because it does not conclusively appear from the record that defense counsel here was ineffective, we decline review of this issue on direct appeal.

With respect to his claim of prosecutorial misconduct, Williams asserts that the prosecutor had IRS agents obtain copies of Williams's witnesses' income tax returns during trial and audit them, resulting in five of his witnesses refusing to testify and rendering the testimony of others "invalid" before the jury. Williams presents no evidentiary support for this contention, however, and we therefore find no merit to it.  Furthermore, Williams is not entitled to relief on his assertions that the prosecutor withheld trial transcripts, preventing him from preparing a more detailed appeal; that the sentencing transcript that was sent to him was undated and had two court reporters' names on it, such that he cannot determine which one did the actual reporting; and that the prosecutor "Allowed to be heard that she was an expert on heart conditions, thereby influencing the jury on her medical expertise."

Lastly, Williams contends that bias by the district judge is shown by, inter alia, the judge's announcement that he would impose the same sentence if the Sentencing Guidelines were deemed unconstitutional, and the judge's denial of Williams's request for

a medical release pending appeal.  We find no basis in law or fact for such a bias claim based on our review of the record on appeal, and therefore find the claim to be without merit.

## II.

Accordingly, we affirm Williams's convictions and sentence. We deny relief on his motions to remand, to authorize transcript at government expense, for pro se writ of mandamus, for general relief, for summary judgment, and to expedite appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>