**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10442 |
| Plaintiff-Appellee, | D.C. No. 4:13-cr-00750-CKJ-JR-1 |
| v. | |
| BENJAMIN FORNES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted November 15, 2016
San Francisco, California

Before: SCHROEDER, REINHARDT, and OWENS, Circuit Judges.

Defendant-Appellant Benjamin Fornes appeals from the district court's

imposition of a condition of supervised release, which requires him to submit to

suspicionless searches of his person, property, house, residence, vehicle, and

papers. We review conditions of supervised release for abuse of discretion.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*United States v. Bare*, 806 F.3d 1011, 1016 (9th Cir. 2015). As the parties are familiar with the facts, we do not recount them here. We affirm.

Section 3583(d)(2) requires that a supervised release condition "involve[] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)." 18 U.S.C. § 3583(d)(2). Fornes contends that the district court's determination that a suspicionless search condition was reasonably necessary failed to adequately consider his individualized circumstances. However, the record shows that the district court sufficiently considered Fornes's individual circumstances in imposing the suspicionless search condition. The district court stated that the condition was reasonable "based on the underlying nature of this conviction, which is possession with intent to distribute a large quantity of heroin" and "given the substance abuse issues." The court acknowledged that the suspicionless search condition was broad, but justified the lack of a reasonable suspicion requirement by noting that "I think that this search condition will enhance the probation officer's ability to adequately supervise you."

Furthermore, we have held that suspicionless search requirements in conditions of supervised release are not an abuse of discretion. In *United States v. Betts*, we held that a district court did not abuse its discretion when it imposed a

2

suspicionless search condition on a defendant convicted of conspiracy to commit fraud in the credit reporting sector. 511 F.3d 872, 876 (9th Cir. 2007). Here, as in *Betts*, the district court justified the reasonableness of a suspicionless search condition based on Fornes's individualized circumstances. In this case, these circumstances included the nature of his crime, his risk of substance abuse, and the probation officer's need to adequately supervise him. Accordingly, the district court did not abuse its discretion because it did not fail to consider whether the suspicionless search condition was reasonably necessary, as required by section 3583(d)(2).

Fornes also argues that the district court violated section 3583(d)(3) by failing to consider that the Sentencing Commission's policy statements recommend imposing a suspicionless search condition only on sex offenders, and do not explicitly recommend such a condition for drug traffickers. Section 3583(d)(3) provides that a supervised release condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)." 18 U.S.C. § 3583(d)(3).

However, Fornes mischaracterizes the Sentencing Commission's policy statement as implying that suspicionless search conditions should only be imposed on sex offenders. While the Sentencing Guidelines recommend suspicionless

3

search conditions for sex offenders, *see* U.S.S.G. § 5D1.3(d)(7)(C), they also state that the same suspicionless search condition "may otherwise be appropriate in particular cases." U.S.S.G. § 5D1.3(d). Therefore, there is no Sentencing Commission policy limiting suspicionless searches to sex offenders, and Fornes fails to cite any authority to the contrary. The district court did not abuse its discretion in imposing the suspicionless search condition without expressly considering the Sentencing Commission's policy statements. To the extent Fornes suggests that reasonable suspicion is required even for sex offenders, he is mistaken. *See* U.S.S.G. 5D1.3(d)(7)(c) (allowing for searches "upon reasonable suspicion . . . , *or* by any probation officer in the lawful discharge of the officer's supervision functions") (emphasis added).

**AFFIRMED**.

FILED

DEC 08 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*United States v. Fornes*, No. 15-10442

**Reinhardt, Circuit Judge, concurring:**

I concur in the memorandum disposition, but I do so noting two concerns.  First, the search condition in this case did not explicitly state that Fornes could be searched without a warrant or reasonable suspicion. This issue, however, was not raised on appeal and thus is not before us. Second, I am concerned by the representation made during oral argument that suspicionless searches are, in some districts, becoming a common condition of supervised release. Such a condition is a serious infringement upon a defendant's liberty and privacy, and should be imposed only when, as here, it is specially justified by the facts of the case at hand.