**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4561

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOURDEN TAIREE SHEPARD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  W. Earl Britt, Senior District Judge.  (7:20-cr-00201-BR-1)

Submitted:  March 21, 2023                          Decided:  August 30, 2023

Before GREGORY and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded with instructions by unpublished per curiam opinion.

**ON BRIEF:** Sean P. Vitrano, VITRANO LAW OFFICES, PLLC, Wake Forest, North Carolina, for Appellant.  Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Deputy Assistant Attorney General, Thomas E. Booth, Appellate Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Daniel W. Smith, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

An indictment filed on July 7, 2021, charged Jourden Shepard with possession with intent to distribute fentanyl and cocaine base, in violation of 21 U.S.C. § 841(a)(1), being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924, as well as being in possession of a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  These charges stemmed from a search conducted by police during a traffic stop on August 14, 2020.  After the district court found that the officer who conducted the stop had reasonable suspicion to do so, the court denied Shepard's motion to dismiss.

On July 12, 2021, Shepard pled guilty to the drug trafficking offense.  A jury later found him guilty of the firearm offenses.  The district court then sentenced him to a total of 90 months' imprisonment.  The court also required Shepard submit to a number of supervised release conditions.  Shepard must submit to a search of his residence and personal effects at any time by his probation officer.  The court imposed two additional financial conditions:  Shepard may not open a line of credit without permission from his probation officer, and he must provide the probation office with access to any requested financial information.

Shepard now argues that the officer who stopped him, Sergeant Jauernik, did not have reasonable suspicion because her reason for stopping him is not supported by the record.  He also contends that the district court committed a procedural error in imposing certain conditions of supervised release and then failing to explain the reason for their imposition.  We reject each of these arguments, except for his contention that the district

2

court did not adequately explain the financial conditions. We remand so that the district court may properly establish, on the record, a nexus between those two conditions and Shepard's individual circumstances.

I.

First, Shepard argues that "[t]he district court clearly erred" when it found that Sergeant Jauernik stopped the vehicle he was driving, a Dodge Charger, because she knew its tag was registered to a Dodge Durango. Opening Br. at 6. According to Shepard, the district court erred when it found that "Sergeant Jauernik observed [Shepard's] vehicle's license plate, and upon obtaining information from her communications system that the license plate returned to a Durango, not a Charger, she had a reasonable suspicion that [Shepard] was violating North Carolina law." *Id.* at 6–7 (quoting J.A. 227). Instead, Shepard maintains, Sergeant "Jauernik learned that its tag was registered to a different vehicle after she had already made the decision to stop the Charger." *Id.* at 7.

The Fourth Amendment requires that searches and seizures be supported by probable cause. U.S. Const. amend. IV. A traffic stop is a seizure subject to Fourth Amendment protections. *Heien v. North Carolina*, 574 U.S. 54, 60 (2014). To justify a traffic stop, law enforcement officers need only "reasonable suspicion"—that is, "a particularized and objective basis for suspecting the particular person stopped" of unlawful conduct. *Navarette v. California*, 572 U.S. 393, 396–97 (2014); *see also Terry v. Ohio*, 392 U.S. 1, 21 (1968) (holding that an officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion").

Here, Sergeant Jauernik testified that she stopped the Charger for use of a fictitious license plate when she learned from a DMV database that the plate belonged to a Durango. By Sergeant Jauernik's account of the facts, she had a reasonable suspicion that Shepard was actively violating North Carolina law. *See* N.C. Gen. Stat. § 20-111(2) (making it unlawful "[t]o display or cause or permit to be displayed or to have in possession any registration card, certificate of title or registration number plate knowing the same to be fictitious"). The district court credited that testimony, recounting that Sergeant Jauernik "observed and ran the license plate, and it returned to a Dodge Durango." J.A. 223.

Although Shepard argues on appeal that Sergeant Jauernik's testimony reveals a discrepancy in the timing of events, the court found "Sergeant Jauernik [to be] a credible witness." J.A. 229. Therefore, the court determined that "she had a reasonable suspicion that defendant was violating North Carolina law, and to the extent she may have been mistaken about that fact, her mistake was objectively reasonable given the circumstances." J.A. 227. This Court must accept that credibility determination. *See United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). Because the district court credited Sergeant Jauernik's testimony that she first determined that Shepard was driving with an improper license plate before stopping his vehicle, and nothing in the record seriously undermines that determination, the court did not err in holding that the stop was supported by a reasonable suspicion.

## II.

Shepard also argues that his sentence contained two infirmities. First, he contends that the special conditions of supervised release requiring him to submit to warrantless

4

searches, and prohibiting him from opening additional lines of credit without approval from his probation officer, and to submit to the probation office requests for financial information are inconsistent with the U.S. Sentencing Guidelines. Second, he argues that the district court failed to give an adequate explanation for those conditions.

District courts have "broad latitude to impose conditions on supervised release." *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017). A district court may impose any special condition that is "reasonably related" to particular statutory sentencing factors, 18 U.S.C. § 3583(d), including "the nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to afford adequate deterrence to criminal conduct," the need "to protect the public from further crimes of the defendant," and the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D). But § 3583(d) also requires that special conditions of supervised release be "no greater [a] deprivation of liberty than is reasonably necessary" to achieve those statutory goals, and consistent with policy statements issued by the Sentencing Commission.

Unless a court adequately explains its reasons for imposing certain conditions, we cannot judge whether a condition satisfies those minimum requirements. *United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020). Courts are expected to make "individualized assessment[s] based on the facts before [them]" and explain sentences in a way that "allow[s] for meaningful appellate review and . . . promote[s] the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (cleaned up). "Failure to provide such an explanation constitutes procedural error." *McMiller*, 954 F.3d

5

at 676. This Court reviews a district court's imposition of conditions of supervised release for an abuse of discretion. *Lewis*, 958 F.3d at 243 n.2.

The Sentencing Guidelines, in § 5D1.3(d), set forth various "special" conditions that are "recommended" in certain cases and for certain offenses, but that "may otherwise be appropriate in particular cases." Thus, Shepard's argument that Guidelines § 5D1.3(d)(7) limits a search condition to certain sex offenses is not correct. *See United States v. Thomas*, 827 F. App'x 72, 75 n.3 (2d Cir. 2020) ("Section 5D1.3(d) does not restrict the search condition challenged here to sexual offenses, however, but instead explicitly provides that such conditions may be appropriate in other types of cases."); *United States v. Fornes*, 665 F. App'x 615, 617 (9th Cir. 2016) ("[T]here is no Sentencing Commission policy limiting suspicionless searches to sex offenders.").

Further, courts have upheld similar financial conditions in other cases. *See, e.g.*, *United States v. Williams*, 208 F. App'x 228, 230–31 (4th Cir. 2006) (unpublished) (imposing "new credit charge" condition where the defendant was ordered to pay restitution); *United States v. Camp*, 410 F.3d 1042, 1046–47 (8th Cir. 2005) (upholding "access to financial information" condition to ensure that the defendant paid child support). So the imposition of such conditions is not necessarily an abuse of discretion. But a court must still articulate an explanation for imposing those conditions.

The district court's explanation for its search condition was satisfactory for two reasons. First, the district court specifically referred to Shepard's crimes and the need for supervision in his case. Second, the court's statements that Shepard had progressed from dealing marijuana to dealing fentanyl reflected the court's view that Shepard needed close supervision.

6

However, the district court's reason for imposing the two financial conditions is less clear. A review of the record reveals no obvious justification tying Shepard's case to the need to monitor and restrict his financial dealings. And we will not supply one. *See United States v. Carter*, 564 F.3d 325, 329–30 (4th Cir. 2009) ("In reviewing [a supervised release condition], an appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence."). While this court has upheld these conditions based on the defendant's restitution obligations, *see Williams*, 208 F. App'x at 230–31, there was no restitution imposed here. Likewise, even though a court has upheld a financial monitoring condition based on a defendant's need to pay child support, *see Camp*, 410 F.3d at 1046–47, there is no indication Shepard has a "history of non-payment of his child support obligations." *Id.* at 1046.

The district court abused its discretion when it failed to provide an explanation for why the financial conditions imposed were reasonably related to the goals of the Sentencing Guidelines as applied to Shepard's circumstances.

III.

Based on the foregoing, we affirm Shepard's conviction but vacate the financial conditions of supervised release and remand for resentencing with instructions for the district court to provide a basis for assigning the two financial conditions imposed at sentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS*